UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL CAMPBELL,

    Plaintiff,

v.                                                      Case No. 5:23-cv-281-TKW-MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Michael Campbell, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint. Doc. 12. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), the District Court should dismiss this civil because Campbell fails to state a claim upon which relief can be granted.[1]

### I. Campbell's Second Amended Complaint

Campbell is an inmate of the Florida Department of Corrections ("FDC") currently housed at the Graceville Correctional Facility. Doc. 12.

---

[1] The undersigned provided Campbell an opportunity to replead. Doc. 14. Campbell neither complied with that order nor responded to a show-cause order entered on June 13, 2024. Doc. 15.

Campbell's second amended complaint names as Defendants the following FDC officials in their individual and official capacities: Ricky Dixon, T. Bowden, A. Johns, A. Keaton, M. Hood, L. Young and Officer Hunter. Doc. 12 at 2-4, 6 in ECF.

Campbell alleges that on April 9, 2020, while housed at the Northwest Florida Reception Center, Officer Hunter threatened Plaintiff "with great bodily harm." Doc. 12 at 7. One and one-half hours later, Hunter "reportedly witnessed Plaintiff being aggressive towards staff and abusive physical force was used." *Id*.

Later that day, the FDC issued a disciplinary report (DR Log #110-200419) related to the incident. Doc. 12 at 7; Doc. 1-1 at 1. The report charged Campbell with Battery or Attempted Battery on a Correctional Officer. Doc. 12 at 7; Doc. 1-1 at 1. After a hearing, the disciplinary hearing team found Campbell guilty of the infraction and provided this written statement as the basis for its decision:

> The Disciplinary hearing team found inmate guilty based on the officer's statement of facts and the inmate['s] inability to provide any evidence to dispute the charge. Inmate did not call for any witness or for any evidence. Inmate did provide a verbal and written statement which was considered. Written statements were also provided by staff members named in the Statement of Facts. The reporting officer stated that he observed another officer administering

chemical agents while giving inmate verbal orders to lie down on the ground. Inmate was refusing all orders. The reporting officer also administered chemical agents while giving inmate verbal order to lie down on the ground. Inmate then began to walk towards another staff member in an aggressive manner. Physical force was then used to prevent battery to staff. The reporting officer sustained injuries that required outside medical treatment.

Doc. 1-1 at 1.

The disciplinary hearing team imposed 60 days of disciplinary confinement. *Id*. Although Campbell alleges that "gain time was taken," Doc. 12 at 7, the copy of the disciplinary conviction itself establishes that the disciplinary hearing team only imposed disciplinary confinement. Doc. 1-1 at 1.

Campbell claims that Hunter violated the Eighth Amendment because Hunter used excessive force. Doc. 12 at 7, 9. Campbell claims that the remaining Defendants violated the Fourteenth Amendment's Due Process Clause because they failed to "properly issue" the disciplinary report, failed to interview all of the officers involved in the incident, and found him guilty without sufficient evidence. *Id*. at 7-8, 9.

On April 15, 2020, the FDC placed Campbell on close management based on his conduct underlying the DR. Doc. 12 at 7-8. Campbell claims that his placement on CM violated the Eighth Amendment and the Due

Process Clause because he "ha[s] a mental health disability" and his psychologist was not consulted first. *Id*. at 8.

Campbell claims that his First-Amendment right to access the courts was violated. *Id*. at 9. In support he alleges: "The Administration withheld the necessary documents to prevent timely filing this civil action wherein gain time was taken." *Id*. at 7.

Campbell seeks compensatory and punitive damages as well as an injunction.

## II.   SCREENING UNDER 28 U.S.C. §§ 1915(e)(2) AND 1915A

Because Campbell is a prisoner and is proceeding *in forma pauperis*, the District Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

### A. Campbell's Complaint Fails to State a Claim Against Dixon, Bowden, Johns, Keaton, Hood and Young

Campbell's second amended complaint does not attribute any specific act to Dixon, Bowden, Johns, Keaton, Hood, or Young, much less an act that is unlawful. Other than listing them in the caption, Campbell's second amended complaint does not mention any of these

Defendants. Campbell's Statement of Facts section includes only this conclusory allegation: "All other Defendants [besides Hunter] had a duty and responsibility to properly issue a disciplinary report and perform an investigation." Doc. 12 at 7. This conclusory statement is followed by a reference to "See all exhibits attached hereto."

Merely attaching grievances that these Defendants denied does not satisfy federal pleading standards. *See* Fed. R. Civ. P. 8, 10; N.D. Fla. Loc. R. 5.7(B) (claims and supporting facts must be stated on the complaint form itself); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (dismissing prisoner's Eighth-Amendment claims against individual prison officials because the complaint alleged no facts describing how either official was deliberately indifferent to prisoner's health or safety); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (same where complaint failed to allege facts that associated any of the individual prison officials with the alleged constitutional violation).

Furthermore, to the extent Campbell suggests that these Defendants deprived him of due process during the disciplinary, close-management, and administrative-appeal proceedings, he fails to state a plausible claim for the reasons explained below.

1.  ***The Disciplinary Proceeding Did Not Implicate a Constitutionally-Protected Liberty Interest***

A due process claim has three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court recognized two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due-process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) when a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 478, 484. Without either the loss of gain-time credits or "atypical" confinement, the Due Process Clause itself affords no protected liberty interest that requires procedural protections. *Sandin*, 515 U.S. at 487.

Campbell does not allege any facts suggesting that the conditions and duration of his 60-day stay in disciplinary confinement were significantly restrictive compared to the general prison population. *See*

*Sandin*, 515 U.S. at 485-87 (thirty days of disciplinary segregation did not give rise to a protected liberty interest); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (same concerning two months in administrative confinement); *Smith v. Reg'l Dir. Fla. Dep't of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010) (same as to forty-five days in disciplinary confinement).

Furthermore, Campbell's own exhibits demonstrate that the disciplinary conviction did *not* result in the forfeiture of gain time. *See* Doc. 1-1.[2] Campbell's failure to establish the deprivation of a constitutionally protected liberty interest requires dismissal of his due-process claim.

### 2. *The Close-Management Proceeding Did Not Implicate a Constitutionally Protected Liberty Interest*

Campbell claims that his placement on CM violated his right to due process because his psychologist was not consulted prior to the placement. Campbell has not established, however, that he lost gain-time

---

[2] A district court can consider exhibits attached to a complaint in deciding whether a complaint states a claim. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). When an exhibit contradicts general allegations of a pleading—thereby showing the allegations to be untrue and foreclosing recovery as a matter of law—the exhibit controls. *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1245 (11th Cir. 2016).

credits as a result of the CM placement, nor has he described conditions in CM that impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 478, 484; *see also, e.g.,* *Holston v. Dawson*, No. 22- 11198, 2023 WL 7485227, at *6 (11th Cir. Nov. 13, 2023) (dismissing due-process claim challenging prisoner's placement on CM status). For this reason, Campbell's due-process claim relating to placement on CM fails to state a plausible claim for relief under § 1983.

### 3.   *The Administrative Grievance/Appeal Process Did Not Implicate a Constitutionally Protected Liberty Interest*

To the extent Campbell sues Defendants Dixon, Bowden, Johns, Keaton, Hood, or Young because they denied—or failed to take corrective action during—his administrative appeals of the disciplinary and close management decisions, he fails to state a plausible due-process claim. Because the prison grievance procedure does not create a constitutionally protected liberty interest, Campbell does not have a federal constitutional right within that administrative-grievance procedure. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011); *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998); *Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 895-96 (11th Cir. 2015); *Stallworth*

*v. Wilkins*, 802 F. App'x 435, 439-40 (11th Cir. 2020); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct).

For all of the foregoing reasons, Campbell's claims against Dixon, Bowden, Johns, Keaton, Hood and Young must be dismissed for failure to state a claim.

**B.   Campbell's Complaint Fails to State a Claim Against Hunter**

Campbell's only allegations against the remaining Defendant—Officer Hunter—are that Hunter verbally threated Campbell and reported that Campbell was being aggressive toward staff. Doc. 12 at 7. Based on these allegations, Campbell asserts an Eighth-Amendment claim for "physical abuse, threats, and deliberate indifference to medical needs, unsafe conditions." Doc. 12 at 9.

"In the prison context, three distinct Eighth Amendment claims are available to plaintiff inmates alleging cruel and unusual punishment, each of which requires a different showing to establish a constitutional

violation." *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010). "The Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." *Id.* at 1303-04. "Each of these claims requires a two-prong showing: an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official had a 'sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations and quotations omitted).

"[W]hat is necessary to show sufficient harm and what is necessary to show a sufficiently culpable state of mind varies with the type of Eighth Amendment claim at issue." *Thomas*, 614 F.3d at 1304 (citing *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)). The court in *Thomas* illustrated:

> For example, to make out a claim for an unconstitutional condition of confinement, "extreme deprivations" are required, whereas in the excessive-force context, contemporary standards of decency may be violated even where no significant injury is evident. With respect to the subjective inquiry, in both prison conditions and medical needs cases, the relevant state of mind for purposes of liability is deliberate indifference. Excessive-force claims, however,

require a showing of a heightened mental state—that the defendants applied force "maliciously and sadistically for the very purpose of causing harm."

*Thomas*, 614 F.3d at 1304 (first quoting *Hudson*, 503 U.S. at 9-10, then quoting *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)).

Campbell's Eighth-Amendment claim against Hunter is precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has deemed insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). Campbell's bare allegations do not plausibly establish the elements of any distinct Eighth-Amendment claim against Hunter. For this reason, Campbell's claim against Hunter fails to state a plausible claim for relief under § 1983, and must be dismissed.

C.  **Campbell's Complaint Fails to State a "Denial of Access to the Courts" Claim**

Campbell claims that "the Administration"—by withholding documents necessary to timely file this lawsuit—deprived him of his First-Amendment right to access the courts.

In order to assert a claim arising from the denial of access to the courts, a prisoner "must first establish an actual injury." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (citing *Lewis v. Casey*, 518

U.S. 343, 349-50 (1996)). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." *Barbour*, 471 F.3d at 1225. Thus, "[t]o prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998). Additionally, "a litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief." Barbour, 471 F.3d at 1226.

Campbell has not alleged an actual injury. Although he alleges that he was prevented from timely filing this action, the record establishes otherwise. According to Campbell's allegations, the events giving rise to this lawsuit occurred in April 2020. Campbell had four years from that date to file suit. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. §§ 95.11(3). Campbell filed his original complaint in this case on October 24, 2023, which was well within the limitations period. Additionally, as discussed above, Campbell has not demonstrated that he has a colorable

constitutional basis to challenge any alleged action by any named Defendant. For these reasons, Campbell's First-Amendment access-to-courts claim must be dismissed.

### D. Campbell's Complaint Fail to State an Official-Capacity Claim

In addition to suing each Defendant individually, Campbell's complaint also sues Defendants in their official capacities. Doc. 12 at 2-4, 6. Campbell's allegations, however, fail to state a plausible basis for official-capacity liability against any Defendant. *See Kentucky v. Graham*, 473 U.S. 159, 166 & n.12 (1985) (articulating the standard for official-capacity liability in a § 1983 suit); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Absent sufficient, specific allegations to support a claim for official-capacity liability, Campbell's official-capacity claims must be dismissed for failure to state a claim. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1335-56 (11th Cir. 2013).

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.      This action be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), for failure to state a claim upon which relief may be granted.

2.      The clerk of court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 18th day of July, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**